IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD WESLEY GROVES,

    Petitioner,               No. 2: 13-cv-00463 KJN P

    vs.

ATTORNEY GENERAL STATE
OF CALIFORNIA,               <u>ORDER AND</u>

    Respondent.          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        Petitioner did not sign the habeas corpus petition. Instead, the petition is signed by petitioner's friend, Robert L. Cheney. Mr. Cheney is not a lawyer. Federal Rule of Civil Procedure 11(a) requires that all pleadings be signed by a party personally if the party is not represented by an attorney. Accordingly, this action should be dismissed on grounds that it does not comply with Rule 11.

        The purpose of a habeas corpus petition pursuant to 28 U.S.C. § 2254 is to challenge the validity of a state court conviction. The petition indicates that petitioner is in custody based on pending federal criminal charges. For that reason, his claims are not properly

1

raised in a habeas corpus petition pursuant to 28 U.S.C. § 2254.

Title 28 U.S.C. § 2255 provides that a prisoner in custody under sentence of a federal court claiming that their sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.  Because petitioner has not yet been convicted, a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is premature.  Moreover, motions pursuant to 28 U.S.C. § 2255 should be filed in the federal criminal case rather than as a separate civil action.

Because petitioner did not sign the petition and because the petition is improperly brought as a petition pursuant to 28 U.S.C. § 2254, this action should be dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action;

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 13, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gr463.100

2